UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:  
StaySaver Vacations LLC,  
Debtor.  
_____/

CASE NO.: 8:22-bk-00192-CPM
CHAPTER 11

**EMERGENCY MOTION FOR AUTHORITY TO PAY CRITICAL VENDORS**

The Debtor, StaySaver Vacations LLC (the "Debtor"), by and through its undersigned counsel, hereby files its Motion for Order Authorizing Continued Use of Existing Bank Accounts (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

1. The Debtor filed for protection under Chapter 11 of the United States Bankruptcy Code (the "Code") on January 17, 2022 (the "Petition Date").

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtor's chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105(a) and 363(b). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to

§§ 1107(a) and 1108 of the Code.

**FACTUAL BACKGROUND**

3. Debtor is a business organized under the laws of the state of Delaware. The Debtor, StaySaver Vacations LLC, is owned by DIP, StaySaver Vacation Group LLC, 8:22-bk-00193-CPM and managed by Larry Biondi, managing member of DIP, StaySaver Vacation Group LLC, 8:22-bk-00193-CPM. The Debtor operates a travel discount club in leased premises at 2601 Cattlemen Rd. Suite 500, Sarasota, FL 34232. The Debtor is in the business of selling memberships in its discount travel club to consumers. Often the consumers finance a portion of the purchase price of the travel club membership. The debtor collateralized the financed portions of many of its consumers' membership purchase prices. The default rates in the Debtor's account receivable for the financed portions of the purchase prices has

increased to the point where the financing costs of the Debtor's collateralized debt are no longer are sustainable. The Debtor has ten independent contractors conducting collection activities on its account receivable. Further information regarding the Debtor can be found at https://www.staysavervacations.com/.

4. The Debtor seeks to restructure its debt in Chapter 11 Bankruptcy.

## RELIEF REQUESTED

5. By this Motion, Debtor seeks entry of an order authorizing the payment of Critical Vendors.

## BASIS FOR RELIEF

6. The following are critical vendors which the Debtor seeks authorization to pay:

| | | |
|---|---|---|
| DLJCTJ Las Vegas | Rent | $ 5,520.00 monthly |
| TPX phone | office equipment | $4,400.00 monthly |
| NV Energy Electric | office equipment | $550.00 monthly |
| Office 1 copier | office equipment | $565.00 monthly |
| Cristina Alejandro | SSV Collections | $ 1,100.00 Weekly |
| Sara Annuziato | BOAA SSV Collections | $ 1,100.00 Weekly |
| Jadanan Ayla | SSV Appointment Setters | $ 800.00 Weekly |
| Patricia Hull | SSV Appointment Setters | $ 800.00 Weekly |
| Juan Lopez Garcia | SSV Webinar sales | $ 1,500.00 Weekly |
| Pablo Ruiz | SSV Webinar sales | $ 500.00 Weekly |
| Steve Grubenhoff | Acctg Mgr. | $ 1,500.00 Weekly |
| JoAnn Lockhard, | Collection Manager | $ 2,500.00 Weekly |

7. in consideration for the proposed payment, including the extension of post petition trade credit.

8. Bankruptcy Code § 363(b)(1) provides that the "[t]rustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C.

§ 363(b)(1). Bankruptcy Code § 105(a) further provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a).

9. Debtor believes that the payment of the foregoing critical vendors is critical to the reorganization effort because to interrupt would restrict Debtor's access cash flow crucial to Debtor's reorganization effort.

WHEREFORE, the Debtor requests this Honorable Court authorize Debtor to pay the foregoing critical vendors, and grant other and further relief as deemed just and proper.

THE REISSMAN LAW GROUP, P.A.

*/s/ Marshall G. Reissman*

Marshall G. Reissman, Esquire
FBN: 0310085
Gabriel K. Silveira, Esquire
FBN: 1033221
Attorneys for Debtor
1700 66th St. N., Suite 405
St. Petersburg, FL 33710
Telephone: (727) 322-1999
Facsimile: (727) 327-7999
Primary: marshall@reissmanlaw.com
Secondary: Service@reissmanlaw.com